UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


UNITED STATES OF AMERICA

v.  No. 2:11-mj-11
 *R. Allan Edgar*

GARY JOHN MIKULICH

_____/

# MEMORANDUM

This issue here is whether the government may involuntarily medicate the defendant in order to render him competent to stand trial. Defendant stands indicted by a federal grand jury in the Eastern District of Michigan for

Count 1: attempting to destroy a government building by means of an explosive while creating a substantial risk to injury to a person, in violation of 18 U.S.C. § 844 (f)(1) and (2)

Count 2: using and carrying a destructive device during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(ii).

Count 3: possession of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d).

Defendant was arrested in the Western District of Michigan in March 2011. At the direction of U.S. Magistrate Judge Timothy Greeley, defendant underwent extensive psychological evaluation which resulted in a determination that defendant is not currently competent to stand trial. The government requested, pursuant to Sell v United States, 539 U.S. 166 (2003), that the court order involuntary medication of defendant to

restore his competence.  The defendant was further evaluated, and the U.S. Magistrate Judge held a hearing on the issue on February 28, 2012.  On April 18, 2012, the Magistrate Judge rendered a comprehensive opinion concluding that it is permissible to involuntarily medicate the defendant.  Specifically the Magistrate Judge issued an order which provided

> "IT IS ORDERED that the Federal Correctional Complex, Butner, North Carolina, shall be permitted to involuntarily medicate defendant Gary John Mikulich.  The treatment will be initially limited to four months.  Medical staff will be required to request that defendant take the medication orally before injections and explain to defendant potential side effects.  Defendant's health will be closely monitored with the understanding that treatment should stop in the event defendant suffers from major side effects or other problems.  Reports of side effects shall be made to the Court as soon as possible.  The shall (sic) be provided with detailed reports at six-week intervals, including progress towards competency."

Defendant appealed the Magistrate Judge's decision to this Court pursuant to W.D. Mich. L Cr R 57.2(B) and W.D. Mich. L. Civ R. 72.3(a).  Upon defendant's request, this Court stayed the execution of the Magistrate Judge's order pending a determination by this Court.

This Court perceives procedurally that it is reviewing the decision of the Magistrate Judge under 28 U.S.C. § 636 (b)(1)(A).  This Court has reviewed the record of the February 28, 2012 hearing before the Magistrate Judge; has now received briefs; heard argument by both parties in open court; and here, because of the nature of this issue, reviews *de novo* the decision of the Magistrate Judge.  There is no question that the so-called second, third, and fourth factors specified by the U.S. Supreme Court in Sell are satisfied here.  The only remaining question is whether the first Sell factor is satisfied - i.e. whether there are important governmental interests at stake here,  Sell,

539 U.S. at 179.  The Magistrate Judge concluded that indeed in this case there are important governmental interests that are not offset by other circumstances.  This Court accepts the conclusions and the rationale offered by the Magistrate Judge.  This Court would further observe that the Defendant is charged with planting a bomb next to a federal building in Detroit, Michigan, which houses, among other federal agencies, The Federal Bureau of Investigation and Department of Homeland Security.  The statutory penalty for a violation of Count 2 is 30 years to Life.  The seriousness of this charged offense cannot be overstated.  The bomb could have destroyed both lives and property.  Moreover, the fact that the bomb was aimed at a structure and personnel involved in the administration of justice and protection of the Nation makes it beyond dispute that the government's interest in bringing the defendant to trial is fundamental to a scheme of "ordered liberty".  Sell, 589 U.S. at 180.

    For the above reasons, the factual and legal conclusions of the Magistrate Judge in this case are hereby affirmed and adopted.  An order will enter.

        IT IS SO ORDERED.


Date: 5/30/2012

        /s/ R. Allan Edgar
        R. ALLAN EDGAR
        UNITED STATES DISTRICT JUDGE